(C. D. 1282)

F. W. WOOLWORTH CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 6, 1950)

*Sharretts & Hillis (Howard C. Carter* and *Walter I. Carpeneti* of counsel) for the plaintiff.
*David N. Edelstein,* Assistant Attorney General (*Dorothy C. Bennett, Arthur R. Martoccia,* and *William J. Vitale,* special attorneys), for the defendant.

Before CLINE, EKWALL and JOHNSON, Judges

EKWALL, Judge: Plaintiff herein claims that the collector of customs erred in assessing duty upon an importation of earthenware upon the basis of a value higher than the appraised value, as determined by this court in the case of *F. W. Woolworth Co.* v. *United States,* 19 Cust. Ct. 212, Reap. Dec. 7330. Although a so-called "duress certificate" was filed under the provisions of section 503 (b) of the Tariff Act of 1930, the collector refused to recognize the validity of the same on the ground that said certificate was improperly signed. Said signature, which was in typewriting, appeared as follows:

F. W. Woolworth Co.

by_____
Atty. in fact.

Said section 503 (b) is in the following language:

(b) ENTRIES PENDING REAPPRAISEMENT.—If the importer certifies at the time of entry that he has entered the merchandise at a value higher than the value as defined in this Act because of advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement, and if the importer's contention in such pending cases shall subsequently be sustained, wholly or in part, by a final decision on reappraisement or re-reappraisement, and if it shall appear that such action of the importer on entry was taken in good faith, the collector shall liquidate the entry in accordance with the final appraisement.

The only question for determination is whether the duress certificate contained a proper signature.

Plaintiff produced the testimony of an employee of F. W. Woolworth Co., in charge of the import department, whose duties were to handle all matters pertaining to imports made by that corporation. He testified that a firm of customhouse brokers had been instructed to make entry of this merchandise. Prior to such instructions, plaintiff corporation prepared a power of attorney as required by law, authorizing certain individuals connected with said customhouse brokers to file customs documents in its behalf. From a copy of a letter in

evidence as part of collective exhibit 2, the following persons were given such authority: R. C. Robinson, W. K. Prince, W. C. Auger, J. T. Leftwich, and A. Q. Smith. This witness stated that the instant entry was made by Mr. W. C. Auger.

The record in the reappraisement proceeding involving this merchandise was received in evidence as exhibit 4, and the records in the test cases cited in the duress certificate were received in evidence as collective exhibit 5.

Mr. W. C. Auger testified in behalf of the plaintiff that he has charge of making entries at the port of San Francisco for F. W. Woolworth Co. and that they are made under his supervision. He stated that the instant entry was made under his supervision and that he prepared, signed, and filed the entry and duress certificate; that he directed the typing on the duress certificate as it is set forth above. On cross-examination, he admitted that his signature did not appear on the duress certificate; that he failed to sign same, that is, through oversight he failed to fill in his name on the line between the typewritten signature "F. W. Woolworth" and the typewritten words "Atty. in fact."

Plaintiff cites in support of its position the case of *Clinton Smullyan Associates* v. *United States*, 35 C. C. P. A. (Customs) 7, C. A. D. 363. There, it was held that a signature in typewriting on a duress certificate is sufficient to call the collector's attention to the pending cases then on appeal and that the statute does not require that the certification bear the personal signature of the importer.

The court's reasoning in that case was that while a certification in most instances must be signed by a party, in nearly all of those instances such signature of the persons so certifying is a statutory requirement. The court cited the case of *Fritzsche Brothers* v. *United States*, 16 Treas. Dec. 331, T. D. 29359, in which it was held that under the Tariff Act of 1897 it was unnecessary that more than the importer's typewritten signature attached to a protest was required in order to comply with the law as it then existed, and that the same statutory language appears in the present tariff act. We quote the language of the court as follows:

We can see no more reason for attaching a handwritten signature to a so-called "duress entry" than attaching a handwritten signature to a protest (although the term "certifies" does not appear in the protest statute) in view of the fact that the collector, by a typewritten signature, is fully informed as to the issues presented by a "duress entry."

In the case before us a person having authority to file customs documents for the plaintiff herein testified that he directed the typing on the duress certificate in the course of his duties. The collector in this case, as in the case of *Clinton Smullyan Associates, supra,* was fully informed as to the issues presented. Insofar as the collector is

concerned, it seems to the court that he was justified, in the absence of ratification of the signature, in refusing to honor the certificate presented.  However, the evidence before the court is sufficient to constitute such a ratification by one authorized to act for the plaintiff in customs matters such as here presented.

We therefore find the certificate sufficient under the law and that the collector should reliquidate upon the basis of the value determined by this court in the case of *F. W. Woolworth Co.* v. *United States, supra.*

Judgment will be rendered accordingly.